UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRYSTAL BROWN, on behalf of herself and those similarly situated,<br><br>    Plaintiffs<br><br>    v.<br><br>SANTANDER CONSUMER USA INC.,<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil No. _____<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Santander Consumer USA Inc. ("SC" or "Defendant") hereby gives notice of the removal of the action captioned *Crystal Brown, et al. v. Santander Consumer USA Inc.* bearing Case No. 24LA0123 (the "State Court Action") from the State of Illinois Circuit Court, St. Clair County, to the United States District Court for the Southern District of Illinois. In support of this Notice of Removal, SC states as follows:

**I.    BACKGROUND**

1. On or about January 24, 2024, Plaintiff Crystal Brown ("Plaintiff") commenced the State Court Action. A copy of the Summons and Complaint are attached as Exhibit 1.[1]

2. On February 20, 2024, SC was served with the Summons and Complaint in the State Court Action. *See* Service of Process Transmittal, attached hereto as Exhibit 2.

3. Plaintiff is a citizen of the State of Missouri. *See* Exh. 1, Complaint, ¶ 5.

---

[1] Pursuant to 28 U.S.C. § 1446(a), Exhibit 1 contains copies of all of the process and pleadings served upon SC in the State Court Action.

4. Defendant SC is an Illinois corporation with a principal place of business in Dallas, Texas. *Id*. at ¶ 6.

5. Plaintiff asserts claims against SC for alleged violations of 48 states' consumer protection statutes and 50 states' warranty of title under UCC § 2-312. Exh. 1, Complaint, ¶¶ 50-69.

6. Plaintiff also asserts claims for negligent misrepresentation and unjust enrichment. *Id*. at ¶¶ 70-80.

7. Plaintiff seeks to represent a putative "Damages Class" consisting of "all persons in the United States" who purchased a motor vehicle pursuant to a retail installment sale contract assigned to SC with a pre-existing lien on the vehicle that was not satisfied by a dealership prior to the sale and from whom SC collected or attempted to collect payment. *Id*. at ¶ 29.

8. Plaintiff seek damages on behalf of the "Damages Class" including "the amount of money paid on the retail installment sales contracts to Santander, the down payment of the vehicles, damages owed under UCC 2-714, incidental and consequential damages UCC 2-715, and for loss of possession of any vehicle traded in as part of the transaction." *Id*. at ¶ 68.

9. Plaintiff also seeks to represent an "Injunction Class" damages class of "all persons in the United States" who purchased or in the future may purchase a motor vehicle pursuant to a retail installment sale contract assigned to SC with a pre-existing lien on the vehicle that was not satisfied by a dealership prior to the sale and from whom SC collected or attempted to collect payment. *Id*. at ¶ 29.

10. Plaintiff seeks an injunction on behalf of the "Injunction Class" requiring SC to "(1) cease accepting payments on any retail installment contract in which the borrower was sold a vehicle with a preexisting lien on it; (2) cease seeking, requesting, demanding, or attempting to

obtain in any way payments on any retail installment contract in which the borrower was sold a vehicle with a preexisting lien on it; (3) cease attempting to repossess any vehicles on retail installment contracts in which the borrower was sold a vehicle with a preexisting lien on it; (4) dismiss all lawsuits brought against borrowers seeking to enforce any retail installment contract in which the borrower was sold a vehicle with a preexisting lien on it; (5) notify any subsequent purchasers of any retail installment contract in which the borrower was sold a vehicle with a preexisting lien on it of such injunction and to buy back any such loans from any subsequent purchaser of the loan instrument if buy backs are permitted by the instrument through which the loan was sold to the subsequent purchaser; (6) delete all trade lines and other negative information reported to credit reporting agencies by Santander with respect to all loans on retail installment contracts in which the borrower was sold a vehicle with a preexisting lien on it; and (7) diligently take all steps to identify borrowers that were sold a vehicle with a preexisting lien on it in order to comply with the foregoing." *Id.*, Prayer for Relief B.

## II.    GROUNDS FOR REMOVAL

11.    A class action may be removed under the Class Action Fairness Act ("CAFA") when: (1) there is minimal diversity (i.e., the citizenship of at least one plaintiff is diverse from the citizenship of at least one defendant), 28 U.S.C. § 1332(d)(2); (2) there are at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (3) the amount in controversy based upon the class members' aggregated claims exceeds $5 million exclusive of interest and costs, 28 U.S.C. § 1332(d)(2); (4) the primary defendants are not states, state officials, or other governmental entities against whom the district court may be prevented from ordering relief, 28 U.S.C. § 1332(d)(5)(A); and (5) the 30-day deadline for removal is met, 28 U.S.C. § 1446(b).

12. CAFA provides that a district court may decline jurisdiction over a class action "in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." *Id*. § 1332(d)(3).

13. CAFA further provides that a district court "shall decline to exercise jurisdiction" over a class action in two instances: First, in a class action in which "(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed; (II) at least one defendant is a defendant--(aa) from whom significant relief is sought by members of the plaintiff class; (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and (cc) who is a citizen of the State in which the action was originally filed . . ." *Id*. § 1332(d)(4)(A). Second, in a class action where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id*. § 1332(d)(4)(B).

### A. Minimal Diversity Exists.

14. SC is an Illinois corporation with its principal place of business in Texas. Exh. 1, Complaint, ¶ 6. Plaintiff is a resident of Missouri. Exh. 1, Complaint, ¶ 5. Thus, minimal diversity exists between the parties. 28 U.S.C. § 1332(d)(2)(A) ("Minimal diversity" means that "any member of a class of plaintiffs is a citizen of a State different from any defendant.").

### B. The Putative Class Consists of More Than 100 Members.

15. Plaintiff alleges that each of the two classes "exceed forty (40) persons." Exh. 1, Complaint, ¶ 35.

16. SC has not had sufficient time to complete its analysis of the potential class and specifically denies that Plaintiff has properly identified a viable class.[2] Nonetheless, according to public information, SC engages in thousands of credit transactions a day across the United States of the type described here -- where a consumer finances the purchase of a vehicle from a dealership pursuant to a retail installment sales contract that is assigned to SC. SC has thus has been assigned hundreds of thousands of accounts over a three-year period. Through no fault of SC, a very small fraction of those transactions may mirror the allegations here where a dealership fails to clear title before selling the vehicle and assigning the finance contract to SC. SC has not determined how frequently a dealership so fails to do so. If it were to happen in .5% of the contracts it purchases, assuming over a three-year period 200,000 contracts are purchased, there would be 1,000 or so such cases across the country over that three-year period.

C. **As Alleged, the Aggregate Amount in Controversy Exceeds $5,000,000**.

17. Plaintiff alleges that her actual damages consist of monthly payments on the retail installment sales contract "in excess of $9,000," traffic citations, insurance payments, fees, loss of time, inconvenience, annoyance, loss of creditworthiness and other damages. Exh. 1, Complaint, ¶¶ 25-26. While Plaintiff has not alleged the total damages sought on her behalf, based on her allegations, it is fair to assume that the sum total of her alleged damages will exceed $10,000.

18. Taking Plaintiff's claims as typical of the claims of members of the putative class, as Plaintiff alleges, Exh. 1, Complaint, ¶ 37, and as she must be in order for her to qualify as the

---

[2] SC does not concede and reserves the right to challenge Plaintiff's theory of liability and damages. *See e.g. Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

class representative, and applying her individual damages claim to an assumed putative class of 1,000 members, the amount in controversy is $10,000,000 (1,000 x $10,000).

19. The above calculation also does not take into account that Plaintiff seeks to enjoin SC from collecting deficiencies from Plaintiff and the putative class. Including the sum that would result from a bar on deficiency collections would push the damages claim multiples higher.

20. Thus, while SC has not had sufficient time to complete its analysis of the putative class, and specifically denies that Plaintiff has properly identified a viable class, a good faith basis exists that the amount in controversy exceeds the CAFA $5,000,000 threshold.

**D. SC Is Not A Governmental Agency.**

21. SC is not a state, a state official or a government entity. *See* 28 U.S.C. § 1332(d)(5)(A).

**E. Removal Is Timely**.

22. SC has removed the action within 30 days of being served with or having received the Complaint. Exh. 1 (service). This Notice of Removal has, therefore, been timely filed. *See* 28 U.S.C. § 1446(b).

**F. CAFA Exceptions Do Not Apply.**

23. As Plaintiff alleges a nationwide putative class, none of the potential exceptions to removal enumerated in 28 U.S.C. § 1332(d)(3)-(4) are applicable.

**III. ALL OTHER PROCEDURES FOR REMOVAL HAVE BEEN FOLLOWED**

24. This action has not previously been removed to federal court.

25. Notice has been sent to the state court regarding the removal of this action.

26. All adverse parties to this action have been provided with written notice of the filing of this removal, as required by 28 U.S.C. § 1446(d), as evidenced by the attached Certificate of

Service and by Notice of Removal filed in state court, which will be promptly filed in the State Court Action.  Exhibit 4.

27. Venue is proper in this district under 28 U.S.C. § 1441(a) because the court where the State Court Action is pending is located in this district.

28. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by SC of any fact, of any validity or merits of any of Plaintiff's claims, causes of action, theory of damages, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of SC's rights, claims, remedies, and defenses in connection with this action, including the right to move to sever claims, all of which are hereby fully and expressly reserved.  SC expressly reserves the right to amend or supplement this Notice of Removal, should any aspect of this removal and/or the information set forth herein be challenged.

**WHEREFORE**, pursuant to the provisions of 28 U.S.C. §§ §§ 1332, 1441, 1446, and 1453, Defendant Santander Consumer USA Inc. hereby removes to this Court the action titled *Brown v. Santander Consumer USA Inc. et al.*, bearing Case No. 224LA0123, from the State of Illinois Circuit Court, St. Clair County.

Dated; March 6, 2024

                      **SANTANDER CONSUMER USA, INC.**

                      By: *s/Richard P. Darke*_____
                            One of its attorneys

Richard P. Darke (ARDC# 6255810)
**DUANE MORRIS LLP**
190 South LaSalle Street, Suite 3700
Chicago, IL 60603-3433
t:  312 499 0175
Rpdarke@duanemorris.com
*Attorney for Defendant Santander Consumer USA Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of March, 2024, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system and served the same via U.S. Mail, postage prepaid, on the following:

Benjamin R. Schmickle
SWMW LAW, LLC
701 Market Street, Suite 1000
St. Louis, MO 63101
*Counsel for Plaintiff*

　　　　　　　　　　　　　　　　　*/s/*　　*Richard P. Darke*　　　　　　　　
　　　　　　　　　　　　　　　　　　　　Richard P. Darke

DM1\15078950.1